IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE MEANS        )<br>     Plaintiff         )<br>                         )<br>vs.                      )<br>                         )<br>UNITED STATES OF AMERICA, et al.  )<br>     Defendants.   )  | C.A.No. 05-107 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I       RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for plaintiff's failure to prosecute.

**II      REPORT**

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution at Bradford, Pennsylvania, filed this civil rights action, along with a motion to proceed in forma pauperis, on April 6, 2005.

By Order of this Court dated April 19, 2005, Plaintiff's motion for leave to proceed in forma pauperis was granted and Plaintiff was directed to pay an initial filing fee of $14.80. Document # 2.  To date, Plaintiff has not complied with this Order.

By Order dated August 1, 2005, Plaintiff was directed to show cause for his failure to comply with the previous order before August 15, 2005.  The order further warned that Plaintiff's continued failure to comply would result in dismissal of this action for failure to prosecute.

On August 9, 2005, Plaintiff filed a response to the show cause order.  By Order dated August 10, 2005, this Court directed Plaintiff to pay the initial filing fee before August 31, 2005. Again, the order further warned that continued failure to comply would result in the dismissal of

this action for failure to prosecute.

On September 1, 2005, Plaintiff filed a motion for extension of time in which to pay the initial filing fee. This Court granted that motion and ordered that the initial filing fee be paid before September 19, 2005. To date, no filing fee has been received by the Clerk of Court.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written

objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                   <u>S/ Susan Paradise Baxter</u>
                                                   SUSAN PARADISE BAXTER
                                                   Chief United States Magistrate Judge

Dated: September 20, 2005