IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE MEANS, ) | |
|     Plaintiff, ) | C.A. No. 05-107 Erie |
| ) | |
| vs. ) | District Judge McLaughlin |
| ) | Magistrate Judge Baxter |
| UNITED STATES OF AMERICA, et al., ) | |
|     Defendants. ) | |

**OBJECTIONS OF THE PLAINTIFF TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    NOW COMES, the Plaintiff, Jesse Means, and appearing pro se, hereby files this his objections to the Magistrate Judge's Report and Recommendation that this case be dismissed for "lack of prosecution." Plaintiff objects to this report and recommendation, and respectfully moves this Court to reject the Report and Recommendation filed herein for the foregoing reasons:

    1) Plaintiff has done all he can do in order to ensure that the initial filing fee payment was submitted to this Court. Plaintiff filled out the appropriate paperwork, submitted it to his counselor, Lou Morello, AB Unit Counselor, as required by BOP policy. The paperwork was then submitted to the institution business office, who then removed the funds from the Plaintiff's trust fund account. The institution was (is) required to forward this money to the Clerk of this Court to be applied as the initial filing fee. If the Court has not received the money, it is not due to the fault of the Plaintiff. Plaintiff followed established procedures, completed the requisite paperwork, and the funds were removed from his account. The Defendant's in this matter have 100% control over Plaintiff's funds.

2) In apply the Third Circuit's precedent in <u>Poulis v. State Farm Fire and Casualty Co</u>, 747 F.2d 863 (3d Cir. 1984), none of the factors are present in the case at bar. The Court must consider 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal .... 6) the meritoriousness of the claim or defense. <u>Id</u>. at 868.

3) None of these factors apply to the Plaintiff. First, the Plaintiff's personal responsibility ends when he submits the appropriate paperwork to prison officials to have the funds removed from his account; second, there is no demonstratable prejudice to any party to this matter; third, there is not history of dilatoriness to the Plaintiff which, in turn, cannot be attributed to the actions (or inactions) of a prison official; fourth, the conduct of the Plaintiff has not been in bad faith, or willful. Plaintiff has acted in good faith through-out these entire proceedings; fifth, any sanctions against the Plaintiff in this matter, including, but not limited to dismissal, would result in punishing the Plaintiff for the actions of others, which are beyond the Plaintiff's control; and sixth, the claims of the Plaintiff are meritorious.

WHEREFORE, facts and premises considered, the Plaintiff prays that this Court will reject the Report and Recommendation of the U.S. Magistrate Judge.

Dated: September 28, 2005                    Respectfully submitted:

*Jesse Means*
Jesse Means
Reg. No. 38021-060
FCI McKean
P.O. Box 8000
Bradford, PA. 16701-0980