IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE MEANS, ) | |
| ) | Civil Action No. 05-107E |
| Plaintiff, ) | |
| ) | Judge McLaughlin |
| v. ) | |
| ) | Chief Magistrate Judge Baxter |
| UNITED STATES OF AMERICA; ) | |
| JAMES F. SHERMAN, WARDEN, ) | ELECTRONICALLY FILED |
| FCI McKEAN; ) | |
| DR. DENNIS OLSEN, CLINICAL ) | |
| DIRECTOR, HEALTH SERVICES DEPT., ) | |
| FCI McKEAN; ) | |
| JOHN DOE (1-50), PERSONS ) | |
| UNKNOWN AT THIS TIME; ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

AND NOW, come Defendants, United States of America, et al., by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul D. Kovac, Assistant United States Attorney for said district, and submits the following Answer and Affirmative Defenses to Plaintiff's Complaint:

### I. JURISDICTION

The averments set forth in the jurisdiction section of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent these are factual averments that require a response, Defendants deny the averments.

### II. PARTIES

1.	Defendants admit that Plaintiff, Jesse Means, is a federal prisoner held under the custody of the United States Attorney General by the Federal Bureau of Prisons. Plaintiff is

designated to the Federal Correctional Institution, McKean County, Pennsylvania ("FCI McKean"), at all relevant times to this Complaint.

2. The averments in paragraph 2 of Section II of the Complaint are legal conclusions that do not require a response.

3. Defendants admit that James Sherman is the current Warden of FCI McKean. Defendants deny the remaining allegations in this paragraph, except the last sentence, which is Plaintiff's characterization of his action that does not require a response.

4. Defendants admit that Dr. Olsen is the Clinical Director of the Health Services Department at FCI McKean. Defendants deny the remaining allegations in this paragraph, except the last sentence, which is Plaintiff's characterization of his action that does not require a response.

5. The averments made in paragraph 5 of Section II of the Complaint are Plaintiff's characterization of his action that does not require a response.

### III. ADMINISTRATIVE REMEDIES

The averments made in the paragraph under the administrative remedies section constitute conclusions of law and/or Plaintiff's characterization of the administrative phase of his case to which no response is required.

### IV. COMPLAINT

1. Defendants deny the allegations in paragraph 1 of Section IV of the Complaint.

2. The averments made in paragraph 2 of Section IV of the Complaint constitute Plaintiff's characterization of the case to which no response is required. To the extent these are factual averments that require a response, Defendants deny the averments.

3. Defendants deny the allegations in paragraph 3 of Section IV of the Complaint.

4. Defendants deny the allegations in paragraph 4 of Section IV of the Complaint.

5. Defendants deny the allegations in paragraph 5 of Section IV of the Complaint.

6. Defendants deny the allegations in paragraph 6 of Section IV of the Complaint.

7. Defendants deny the allegations in paragraph 7 of Section IV of the Complaint.

8. Defendants deny the allegations in paragraph 8 of Section IV of the Complaint.

## V. RELIEF

No response is required to Plaintiff's prayer for relief. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief.

Each and every allegation of material fact not admitted, denied, or otherwise qualified is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust his administrative remedies, his claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

None of the Defendants or its employees, agents, or servants breached any cognizable duty to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

The injuries and damages alleged by Plaintiff were not proximately caused by a negligent, careless, or wrongful act or omission of the Defendant, the United States, its employees, agents, or servants.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's own negligence is the sole and/or contributory cause of the occurrence set forth in Plaintiff's Complaint. Plaintiff is therefore barred from recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq., and as provided by State Law where applicable. Attorney's fees are taken out of any judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from seeking damages in an amount that exceeds his administrative claim. 28 U.S.C. § 2675.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from seeking to recover prejudgment interest. 28 U.S.C. § 2674.

**TENTH AFFIRMATIVE DEFENSE**

By comparison, Plaintiff's negligence is greater than any negligence, if any, of Defendant, the United States; therefore, Plaintiff is barred from recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants have not been properly and timely served with process.

### TWELFTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of qualified official immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages.  Plaintiff cannot recover compensatory damages because no actual harm resulted from any action or inaction by any Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Under the FTCA, Plaintiff cannot recover damages for discretionary actions under the discretionary function exemption.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages and is therefore barred from recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The substantive law of the state of Pennsylvania governs any claim properly raised pursuant to the Federal Tort Claims Act.

WHEREFORE, Defendants respectfully request that the Court issue an Order dismissing Plaintiff's Complaint with prejudice, enter a judgment in favor of Defendants, award Defendants attorney's fees and costs, and award any further relief the Court deems appropriate in this action.

        Respectfully Submitted,

        MARY BETH BUCHANAN
        UNITED STATES ATTORNEY

        s/Paul D. Kovac
        PAUL D. KOVAC
        Assistant U.S. Attorney
        Western District of Pennsylvania
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7489

Dated: May 9, 2006

OF COUNSEL:

Roberta M. Truman
U.S. Department of Justice
Federal Bureau of Prisons
Northeast Regional Office
U.S. Customs House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA 19106

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Defendants' Answer and Affirmative Defenses to Complaint was electronically filed and served via first-class U.S. Mail on this 9th day of May, 2006, upon the following:

> Jesse Means, *Pro Se*
> Reg. No. 38021-060
> FCI McKean
> Post Office Box 8000
> Bradford, PA 16701-0980

> s/Paul D. Kovac
> Paul D. Kovac
> Assistant U.S. Attorney